[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15262
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-00115-CV-WLS-1

CHARLOTTE R.L. ROBERTS,

                                                    Plaintiff-Appellant,

versus

JOHN E. POTTER,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 6, 2010)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Charlotte Roberts appeals pro se the summary judgment in favor of her employer, John E. Potter, the Postmaster General of the United States Postal Service, and against Roberts's complaints of retaliation and harassment under Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e-3(a), -16. Liberally construed, Roberts's brief presents three arguments, and each fails. We affirm.

Roberts argues that the district court failed to address the emergency suspension she received in June 2004, but Roberts failed to mention the emergency suspension in her original complaint filed in July 2004 and failed to amend her complaint to include a claim about the suspension, see Fed. R. Civ. P. 15(a)(1), (2). In May 2008, Roberts filed a proposed discovery order in which she mentioned the suspension under a section titled "Other Amended Complainants," but Roberts did not sign the order, which might have alerted the district court that she desired to amend her complaint, see Fed. R. Civ. P. 11(a). Roberts also failed to mention the suspension in her response to the motion for summary judgment filed by the Postmaster. The district court did not err by failing to address Roberts's suspension.

Roberts also argues that she presented evidence of a hostile work environment, but we disagree. Roberts failed to prove that she was subject to a "'discriminatorily hostile or abusive environment.'" Reeves v. C.H. Robinson

2

Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (quoting Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc)). Roberts alleged that her supervisor, Charnae Mitchell, reprimanded Roberts and required Roberts to perform tasks not required of other employees, but Roberts's own accounts establish that Mitchell's actions were intended to curb Roberts's allegedly excessive talking in the workplace. Furthermore, Roberts offered no evidence of discriminatory animus and conceded in her opposition to summary judgment that Mitchell "had a personal problem" with Roberts. "Title VII prohibits discrimination" based on race and sex, but does not serve as a "shield against harsh treatment" that is based on "[p]ersonal animosity." McCollum v. Bolger, 794 F.2d 602, 610 (11th Cir. 1986). The district court did not err when it entered summary judgment against Roberts's complaint of a hostile work environment.

Roberts also argues that she presented evidence of retaliation, but again we disagree. Although Roberts submitted evidence that she had previously filed complaints about harassment and discrimination by her supervisors, Roberts failed to prove that she "suffered a materially adverse action" in response to her protected activity. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). Roberts argued that a supervisor delayed processing her request to return to work for four days, but Roberts attributed the delay to the negligence of a secretary. In

3

the absence of any evidence that the brief delay was retaliatory, the district court did not err when it granted summary judgment in favor of the Postmaster.

The summary judgment in favor of the Postmaster is **AFFIRMED**.